## MEADOR, Appellant, v. TEXAS COUNTY.

### Division One, February 19, 1902.

**Prosecuting Attorney:** COMPENSATION FOR APPEARANCE IN COURT OF APPEALS. Where a prosecuting attorney sues the county for services performed by him in appearing and orally arguing criminal cases appealed from his county, it is neither for him nor for the county court to determine whether his appearance there was "necessary" within the meaning of the statute. That is a question of fact to be tried on the evidence by the court acting judicially, which is to pass judgment on the claim when presented. Whether or not the county court ordered him to appear and make oral argument, etc., has no place in the case.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside, Judge.*

REVERSED AND REMANDED.

*Lamar, Barton & Meador* for appellant.

The first and second declarations of law given on behalf of the defendant should have been refused. They are in conflict with the law defining the powers and regulating the duties of prosecuting attorneys. R. S. 1889, sec. 637. The third declaration of law should have been given. It declares the law, as set out in section 637, Revised Statutes 1889. "The prosecuting attorney shall represent the State in the Court of Appeals, in criminal cases taken from his county." Kelley's Crim. Law, sec. 165.

*John H. Sanks* for respondent.

VALLIANT, J.—Plaintiff is the prosecuting attorney of Texas county. As such he attended in person and made oral arguments for the State in the St. Louis Court of Appeals in two misdemeanor cases which had gone to that court by appeal from the circuit court of Texas county, and also prepared the necessary abstracts of records and briefs. He presented his bill for these services and for his necessary traveling expenses to the county court of Texas county, itemized at $25 for his services in briefing and arguing each case, and $16 for traveling expenses. The county court allowed the claim for $15, specifying that the allowance was $7.50 in each case for preparing the brief, discarding the considerations of attending the Court of Appeals in person and making oral arguments, and the item of traveling expenses. Plaintiff appealed to the circuit court, where the cause was tried *de novo* and the same result reached as in the county court, and the plaintiff brings the cause here by appeal.

On the trial in the circuit court the evidence on the part of the plaintiff tended to show that as prosecuting attorney of the county familiar with the cases in question in the Court of Appeals, he regarded it necessary for him to attend in the appellate court and make oral arguments, and did so; he also made the necessary abstracts and briefs; that his services were reasonably worth $25 in each case, and that he expended $16 in traveling expenses which was reasonable.

On the part of defendants the evidence tended to show that the county court had not ordered or requested the plaintiff to attend in the Court of Appeals to argue the cases, and had made no order signifying that in the judgment of the county court such attendance was necessary. This testimony was admitted over the objection of plaintiff, and exception was taken.

It was admitted that the county court had paid for printing the briefs.

The plaintiff asked the following instruction or declaration of law, which the court refused:

"The court declares the law to be that section 637, Revised Statutes 1889, makes it the duty of the prosecuting attorney when criminal cases are taken from counties, in which he is elected, to the Court of Appeals, by appeal or writ of error, to represent the State in such cases, and if necessary to appear in person before said court and represent the State, of which necessity the prosecuting attorney is the sole judge, for which he is entitled to a reasonable compensation, not to exceed $25 per case and necessary traveling expenses."

Of its own motion the court gave the following:

"1.   The court declares the law to be that section 637, Revised Statutes 1889, does not authorize the prosecuting attorney to determine the necessity of appearing in the Court of Appeals, and there being no reason why he should attend such court other than his own opinion as to the necessity thereof, he is not entitled to pay for services for attendance in the Court of Appeals.

"2.   The county court having allowed the sum of fifteen dollars for the preparing of the briefs, such act by the county court will be accepted by the court, and that allowance allowed the plaintiff for preparing the briefs in said cases."

Plaintiff duly excepted to the ruling of the court on the instructions refused and given.

The law governing this case is found in section 637, Revised Statutes 1889 (same as sec. 4950, R. S. 1899), and is as follows:   "When any criminal case shall be taken to the Courts of Appeals by appeal or writ of error, it shall be their [prosecuting attorneys'] duty to represent the State in such case in said courts, and make out and cause to be printed, at the expense of the county, and in cities of 300,000 inhabitants, by the city, all necessary abstracts of record and briefs,

and if necessary appear in said court in person, or shall employ some attorney at their own expense to represent the State in such courts, and for their services shall receive such compensation as may be proper, not to exceed $25 for each case, and necessary traveling expenses, to be audited and paid as other claims are audited and paid by the county court of such county, and in such cities by the proper authorities of the city."

This statute makes it the duty of the prosecuting attorney to represent the State in all criminal cases in the Court of Appeals from his county, and it specifies that in the performance of that duty he shall make and cause to be printed, at the expense of the county all necessary abstracts of record and briefs. Those duties are required of him unconditionally. In addition to those absolute duties, the statute further declares that "if necessary" he shall appear in court in person. His personal appearance in court is the only duty prescribed in that section that is to be performed upon condition, that is "if necessary." The word "necessary" is used twice in the sentence above quoted, but it is not used in the same sense in both connections. The term "all necessary abstracts of record and briefs" assumes that abstracts of record and briefs are necessary in appellate courts and those the prosecuting attorney is required to prepare. But personal appearance is not always necessary, many cases are submitted to appellate courts on abstracts and briefs and therefore the statute imposes the duty on the prosecuting attorney to appear and make oral argument only if the circumstances of the case render it necessary. Should the conditions not require his personal appearance he is to make the abstract and brief, and is to be paid for that, but if it is necessary for him to appear personally and he does so, he is to be paid for that also, what it is reasonably worth and his necessary traveling expenses.

The main difference between the contending parties in the trial court seems to have been on the question as to who should

decide when it was necessary for the prosecuting attorney to attend in person in the Court of Appeals. The plaintiff holding that as the prosecuting attorney knew more about the conditions surrounding the case than any one else, he was the sole judge in the question of necessity, while the defendant contended that as the county court had to audit and pay the bills, it was the tribunal to decide. The ruling of the trial court indicated that it took the defendant's view of the question. This view is shown by admitting over the plaintiff's objection evidence to show that the county court had not ordered the prosecuting attorney to appear in person before the Court of Appeals, as well as by the instructions given and refused.

The position of neither the plaintiff nor the defendant was correct on that point. The statute does not make either the prosecuting attorney or the county court the sole arbiter of that matter. The statute says he should go if necessary, and shall be paid a reasonable fee for his services. But the question of the necessity and that of the *quantum meruit* are open questions of fact to be tried on the evidence by the court which is to pass judgment on the claim when presented, the county court in the first instance and the circuit court if appeal is taken. And in passing on the question the county court is to act judicially, in its capacity as a court, and not in its administrative capacity. Was it necessary in this case for the prosecuting attorney to attend on the Court of Appeals in person? That must be decided by the triers of the fact, like any other question of fact in the case.

The court erred in admitting the testimony tending to show that the county court had not ordered the plaintiff to attend in person on the Court of Appeals, and had made no order signifying that such attendance was necessary.

The judgment is reversed and the cause remanded to be retried according to the law as herein expressed. All concur.